LOTTINGER, Judge.
This is a mandamus suit against defendant-appellee, E. Lee Agerton, Collector of Revenue of the State of Louisiana by plaintiff-appellant, Joseph A. Hallis, Jr., in *888 dividually and as representative of a class. On December 10, 1971, the federal excise tax was discontinued effective August 16, 1971 and all persons who paid the excise tax on new vehicles during this period were entitled to the return of the 7% so paid. The 3'% Louisiana sales tax is paid on the total price of a new vehicle which price includes the federal excise tax. Plaintiff, individually and as representative of those who paid Louisiana sales tax on new vehicles during this period filed a class action application for an order of mandamus against defendant seeking a refund of the 3% Louisiana sales tax paid on the amount of federal excise tax refunded. Defendant filed exceptions entitled, “Exceptions of Unauthorized Use of Summary Procedure, Improper Use of Class Action, and No Cause or Right of Action.” Plaintiff’s suit was dismissed by the Lower Court on the exceptions, and plaintiff filed this appeal.
We quote the defendant’s objections from the written Reasons for Judgment of the Lower Court:
“The essential parts of the defendant’s objections are that the sole and exclusive remedy to contest the legality of a tax is contained in R.S. 45:1576, that the collector’s authority to refund an overpayment is contained in R.S. 47:1621, the terms of which are inapplicable in the present case, that Louisiana Constitution Article 14, Section 13 prohibits the granting of relief, that a class action is not authorized under R.S. 47:1576, that the suit is really one against the state for which permission has not been secured under Louisiana Constitution Article 3, Section 35, that a motion for mandamus lies only to require the performance of a ‘ministerial duty’, that the tax was properly imposed and collected under the law which provides no procedure for remitting under these circumstances and that since the petition does not state the amount due to petitioner or to the members of the class it is vague.”
After hearing arguments, the Lower Court dismissed plaintiff’s suit citing two reasons, namely: that mandamus is inappropriate as it found that the relief sought from the Collector of Revenue is not the performance of a ministerial duty, and secondly that R.S. 47:315, which was relied on by plaintiff, is inapplicable to this kind of transaction.
The appellant has attempted to bring this suit in the form of a summary proceeding by the use of a writ of mandamus. This procedure is prescribed by C.C.P. 3863.
“A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law, or to a former officer, or his heirs to compel the delivery of the papers and effects of the office to his successor.”
Appellant, in his brief, endeavors to establish the Collector’s “ministerial duty” by quoting a phrase from R.S. 47:315. The more complete, applicable provision declares :
“In the event tangible personal property sold is returned to the dealer by the purchaser or consumer or in the event the amount paid or charged for services is refunded or credited to the purchaser or consumer after the tax imposed by this Chapter has been collected, or charged to the account of the purchaser, consumer, or user, the dealer shall be entitled to reimbursement of the amount of tax so collected or charged by him, in the manner prescribed by the collector; and in case the tax has not been remitted by the dealer to the collector, the dealer may deduct the same in submitting his return. Upon receipt of a sworn statement of the dealer as to the gross amount of such refunds during the period covered by the sworn statement, which period shall not be longer than ninety (90) days, the collector shall issue to the dealer an official credit memorandum equal to the net amount remitted by the dealer for the tax collected. This memorandum shall be accepted by the collector at *889 full face value from the dealer to whom it is issued, in the remittance for subsequent taxes accrued under the provisions of this Chapter.
“In cases where a dealer has retired from business and has filed a final return, a refund of tax may be made if it can be established to the satisfaction of the collector that the tax paid was not due.” (Added emphasis indicates phrase quoted by appellant.)
Appellant would have the court analogize the provisions of R.S. 47:315, which applies to dealers, to this case to find that the Collector of Revenue has a ministerial duty to make refunds to plaintiff and the individuals in plaintiff’s class. We note that R.S. 47:315 authorizes refunds in credit memorandums and plaintiff’s suit is for cash refunds. Since R.S. 47:315 does not apply to individuals and does not authorize cash refunds except in the event a dealer has retired, we can not find that the cash refund to individuals herein requested is one of the Collector of Revenue’s ministerial duties. Appellant cites no other authority for the proposition that the act of refunding requested of the Collector of Revenue is a ministerial duty.
The Lower Court further found that R.S. 47:315 was inapplicable to plaintiff’s suit. Plaintiff argues that R.S. 47 :- 315 must be applied by analogy and is his sole remedy. Defendant argues that appellant’s remedy is provided by R.S. 47 :- 1481 et seq. These statutes provide a procedure for presenting a claim against the State to the Board of Tax Appeals. Defendant also argues that appellant has the right to petition the Legislature for permission to sue on the claim. Without going into the argument of plaintiff or defendant, we agree with the trial judge in holding that R.S. 47:315 is inapplicable here in as much as it addresses itself to refunds to dealers in the form of credit memorandums or cash refunds in the event a dealer has retired. To use an analogy from R.S. 47:315 to grant the relief herein asked would be to legislate on the subject. This we will not do.
Having disposed of this matter for the above reasons, it is unnecessary to consider the other arguments made by defendant.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by appellant.
Judgment affirmed.